UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

EBENISTERIE BEAUBOIS, LTEE,

                Plaintiff,

      -against-

ACCOLADE CONSTRUCTION GROUP, INC.,

                Defendant.

------------------------------------x

OPINION & ORDER

15 Civ. 05302 (GBD)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Ebenisterie Beaubois, Ltee ("Beaubois") brings this suit against Defendant Accolade Construction Group, Inc. ("Accolade") asserting a breach of contract. (*See* Compl. ¶¶ 38–42, ECF No. 2.) On October 9, 2015, Defendant submitted a Rule 12(b)(3) motion to dismiss for improper venue. (Def.'s Letter, dated Oct. 9, 2015, submitted via fax.) Plaintiff filed an opposition to the motion on October 19. (Pl.'s Opp'n to Def.'s Letter-Mot. to Dismiss (Opp'n), ECF No. 17.)[1] Defendant's Motion to Dismiss is GRANTED.

I.    **BACKGROUND**[2]

Plaintiff Beaubois was a subcontractor to Tishman Construction Corporation ("Tishman"). (Compl. ¶ 5.) Under the subcontract between Beaubois and Tishman ("Beaubois-

---

[1] Beaubois initially argues that Accolade's motion must be dismissed with prejudice because it was improperly filed as a letter-motion. (Pl.'s Mem. of Law. in Supp. of Opp'n. at 8–9 (citing S.D.N.Y. Local R. 7.1), ECF No. 18). At the September 8, 2015 conference, however, this Court permitted Accolade to proceed by letter application instead of a formal motion. (*See* Initial Pretrial Conference, dated Sep. 8, 2015, Tr. 3:01–4:11.) Defendant's motion is therefore proper.

[2] The following factual allegations are taken from the Complaint as well as the parties' pleadings and supporting documents. *See Martinez v. Bloomberg LP*, 740 F.3d 211, 216 (2d Cir. 2014) ("[I]n evaluating a motion to dismiss based on a forum selection clause, a district court typically relies on pleadings and affidavits . . . .")

Tishman subcontract"), Beaubois was responsible for supplying and installing architectural millwork for the construction project to build the Baccarat Residences and Hotel ("Project"). (*See* Compl. ¶ 5.) In April 2014, Beaubois entered into a subcontract with Accolade ("Accolade-Beaubois subcontract") pursuant to which Accolade was responsible for unloading, hoisting, storing, and installing architectural millwork manufactured and delivered to the Project site by Beaubois. (Compl. ¶ 6.)

The Accolade-Beaubois subcontract provides that "[t]he Subcontractor [Accolade] shall be bound to the Contractor [Beaubois] by the terms of this Subcontract and of the contract documents between the Contractor and the Supplier and General Contractor [Tishman], and shall assume towards the Contractor all the obligations and responsibilities which the Contractor by those documents assumes toward the Supplier, and the Supplier towards the General Contractor." (Accolade-Beaubois subcontract at 3, ECF No. 18-2.) It further provides that "[t]his Subcontract Agreement, the provisions of the General Contract and the other Contract Documents are intended to supplement and complement each other and shall, where possible, be thus interpreted." (*Id.*) The Beaubois-Tishman subcontract, in turn, provides that "the exclusive jurisdiction for any lawsuit or action in court shall be the County of New York, State of New York." (Beaubois-Tishman subcontract at ¶ 44, ECF No. 18-3). That agreement also provides that it "shall be interpreted in accordance with and subject to the laws of the State of New York." (*Id.*)

The parties agree that the Accolade-Beaubois subcontract incorporates the Beaubois-Tishman subcontract by reference. (Pl.'s Mem. ¶ 35 at 7 ("The Subcontract between Accolade and Beaubois incorporated by reference . . . the subcontract between Beaubois and Tishman . . . ."); Def.'s Letter at 1, dated Oct. 9, 2015, submitted via fax.) Furthermore,

Beaubois does not challenge Accolade's interpretation of the forum-selection clause as barring litigation arising from the Accolade-Beaubois subcontract from being brought in this federal district court. (*See, e.g.*, Pl.'s Mem. at 11 ("Beaubois had no obligation to comply with Paragraph 44 [which contains the forum-selection clause] . . . in filing this lawsuit. Therefore, Beaubois was entitled to file suit in this Court . . . ."))

## II. LEGAL STANDARD FOR ENFORCING A FORUM-SELECTION CLAUSE POINTING TO A STATE FORUM

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 580 (2013) (rejecting the argument that "a forum-selection clause pointing to a nonfederal forum should be enforced through Rule 12(b)(3)"). This Court therefore construes Defendant's Rule 12(b)(3) motion as a *forum non conveniens* motion to enforce a forum-selection clause. *See Starkey v. G Adventures, Inc.*, 796 F.3d 193, 196 (2d Cir. 2015). In the *forum non conveniens* context, "forum-selection clauses should control except in unusual cases." *Atl. Marine Const. Co.*, 134 S. Ct. at 582.

Courts in the Second Circuit apply a four-part analysis when determining whether to dismiss claims based on a forum-selection clause. *Starkey*, 796 F.3d at 196. Courts must ask: (1) "whether the clause was reasonably communicated to the party resisting enforcement;" (2) "whether the clause is mandatory or permissive, i.e., whether the parties are required to bring any . . . dispute to the designated forum or simply permitted to do so," and (3) "whether the claims and parties involved in the suit are subject to the forum selection clause . . . ." *Id.* (quoting *Martinez*, 740 F.3d at 217.) A forum-selection clause is presumptively enforceable when these three factors are met. *Id.* "A party can overcome this presumption only by (4) making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that

-3-

the clause was invalid for such reasons as fraud or overreaching." *Id.* (quoting *Martinez*, 740 F.3d at 217.)

A federal court interpreting the forum-selection clause of a contract containing both a choice-of-law and forum-selection clause generally applies the body of law specified in the contract. *Martinez*, 740 F.3d at 217–18, 220. But "where the parties do not 'urge the application of any specific element of the contractually chosen body of law to govern the interpretation of the forum-selection clause,' it is appropriate for the court 'not to "rely on any distinctive features of the selected law and instead to apply general contract law principles and federal precedent."'" *Bent v. Zounds Hearing Franchising, LLC*, No. 15 Civ. 06555, 2015 WL 7721838, at *4 n.3 (S.D.N.Y. Nov. 30, 2015) (quoting *Martinez*, 740 F.3d at 223).

## III. THIS CASE MUST BE DISMISSED BASED ON THE FORUM CLAUSE

The forum clause is presumptively enforceable because it was reasonably communicated to Beaubois, is mandatory, and applies to the claim and parties involved in this suit. As there has not been a showing that enforcement of the clause would be unreasonable or unjust, or that the clause is invalid, the clause is enforceable.

### A. The Forum-Selection Clause Was Reasonably Communicated to Beaubois

The forum-selection clause appears on the face of the Beaubois-Tishman subcontract, and the Accolade-Beaubois subcontract that Beaubois now seeks to enforce incorporates the Beaubois-Tishman subcontract by reference. (*See* Beaubois-Tishman subcontract at ¶ 44, ECF No. 18-3; Accolade-Beaubois subcontract at 3, ECF No. 18-2.) There is no question that the clause was reasonably communicated to Beaubois as Beaubois, unlike Accolade, was a party to the underlying Beaubois-Tishman subcontract.

### B. The Forum-Selection Clause Is Mandatory

The forum-selection clause is mandatory rather than permissive. "A forum selection clause is viewed as mandatory when it confers exclusive jurisdiction on the designated forum or incorporates obligatory venue language." *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 386 (2d Cir. 2007) (citing *John Boutari & Son, Wines & Spirits, S.A. v. Attiki Imps. & Distribs. Inc.*, 22 F.3d 51, 52–53 (2d Cir. 1994)). The forum-selection clause in the Beaubois-Tishman subcontract is mandatory because it provides that "[t]he parties agree that the *exclusive* jurisdiction for any lawsuit or action in court shall be the County of New York, State of New York." (Beaubois-Tishman subcontract at ¶ 44, ECF No. 18-3 (emphasis added).)

### C. The Claims and Parties Involved in the Suit are Subject to the Clause

Beaubois has pleaded only a single cause of action of breach of contract. (*See* Compl. ¶¶ 38–42.) Specifically, Beaubois alleges that Accolade breached the subcontract between the parties. (*Id.*) The forum-selection clause plainly applies to the breach of contract claim, and both Accolade and Beaubois are subject to the clause as signatories to the parties' subcontract. *See, e.g., Kasper Glob. Collection & Brokers, Inc. v. Glob. Cabinets & Furniture Mfrs. Inc.*, 952 F. Supp. 2d 542, 563 (S.D.N.Y. 2013).

As the forum-selection clause was reasonably communicated to Beaubois, is mandatory, and applies both to Beaubois's claim and to the parties to this dispute, the clause is presumptively enforceable. *Starkey*, 796 F.3d at 196.

### D. Enforcement of the Clause Would Not Be Unreasonable or Unjust, and the Clause is Not Invalid

The presumption of enforceability may only be overcome by a "sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Id.* (quoting *Martinez*, 740 F.3d at 217.) Nothing in the

record indicates that enforcing the clause, and requiring the parties to litigate their dispute in New York state court, would be unfair or unreasonable or that the clause is invalid.

### E. Beaubois's Argument Against Enforcement of the Forum Clause

Beaubois argues that Beaubois was not required to comply with the forum clause because Accolade materially breached the parties' subcontract. (Pl.'s Mem. at 9–14.) Beaubois cites no case law for the proposition that a material breach excuses the non-breaching party from a forum-selection clause. It relies instead on cases and Restatement provisions reciting the general principle that a material breach discharges the non-breaching party from future performance. (*See* Pl.'s Mem. at 10–13.) Courts, however, routinely enforce forum-selection clauses against plaintiffs alleging breach of contract. *See, e.g., KTV Media Int'l, Inc. v. Galaxy Grp., LA LLC*, 812 F. Supp. 2d 377 (S.D.N.Y. 2011); *Lurie v. Norwegian Cruise Lines, Ltd.*, 305 F. Supp. 2d 352 (S.D.N.Y. 2004). The forum-selection clause is therefore enforceable.

## IV. CONCLUSION

Defendant's Motion to Dismiss is GRANTED.

Dated: New York, New York
January 7, 2016

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge